Filed 4/4/16  P. v. Casares CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>CARLOS CASARES,<br><br>　　　　Defendant and Appellant. | F070475<br><br>(Super. Ct. No. VCF042042B-99)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Carlos Casares filed a petition seeking recall of his third-strike sentence pursuant to the provisions of Penal Code section 1170.126.[1]  The trial court denied the petition,

---

[*]Before Kane, Acting P.J., Franson, J., and Smith, J.

[1]All statutory references are to the Penal Code unless otherwise indicated.

finding that he was ineligible under the terms of the statute. Appellate counsel filed a brief asserting she could not identify any arguable issues in the case. We agree and affirm the order from which Casares appeals.

## *DISCUSSION*

In 1999, Carlos Casares was convicted of possession of methamphetamine for sale (Health & Saf. Code, § 11378), possession of marijuana for sale (Health & Saf. Code, § 11359), possession of a firearm by a felon (§ 12021, subd. (a)(1)), and battery on a parole officer (§ 243, subd. (b)). The jury also found true the enhancement allegation that Casares was personally armed with a firearm within the meaning of section 12022, subdivision (c). He admitted two prior convictions that constituted strikes within the meaning of section 667, subdivisions (b)-(i), and with enhancements was sentenced to a third-strike term of 31 years to life.

In 2012, Casares filed a petition for recall of his sentence pursuant to the provisions of section 1170.126. The matter was called for hearing, and the parties agreed Casares was ineligible for resentencing because the jury found he was personally armed with a firearm while possessing methamphetamine for the purposes of sale. The trial court denied the petition.

Nonetheless, Casares filed a notice of appeal. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting she could not identify any arguable issues in the case. By letter dated April 3, 2015, we invited Casares to inform us of any issues he would like this court to address. Casares did not respond to our invitation.

We agree with defense counsel, appellate counsel, and the trial court that Casares was ineligible for resentencing. Section 1170.126 defines those eligible for resentencing as those serving an indeterminate third-strike sentence, including the following:

(1) the inmate is not serving a sentence for a crime that is listed as a serious or violent felony (§§ 667.5, subd. (c) & 1170.12, subd. (b));

2.

(2) the inmate is not serving a sentence for a crime that is listed in section 667, subdivision (e)(2)(C)(i) through (iii), or section 1170.12, section (c)(2)(C)(i) through (iii); and,

(3) the inmate does not have a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).)

Casares does not meet these eligibility requirements because his conviction is one included in section 667, subdivision (c)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii).  This clause, identical in both code sections, excludes from resentencing inmates who are serving a sentence for a crime during the commission of which "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  Because the jury found that Casares was personally armed with a firearm when he committed the offense of possession of methamphetamine for sale, he is excluded from seeking resentencing pursuant to section 1170.126.  Accordingly, the trial court properly denied his petition for resentencing.

## *DISPOSITION*

The order appealed from is affirmed.